## JOHNSON v. AMERICAN NATIONAL LIFE INSURANCE COMPANY.

1. A statute declares that all life or fire insurance policies issued upon the lives of property of persons within the State, which contain any reference to the application for insurance, or the constitution, by-laws, or other rules of the company, either as forming part of the policy or contract between the parties thereto, or having any bearing on said contract, shall contain or have attached to said policy a correct copy of said application signed by the applicant, and of the by-laws referred to; and unless so attached and accompanying the policy, no such constitution or by-laws shall be received in evidence either as part of the policy or as an independent contract in any controversy between the parties to or interested in the said policy; "nor shall such application or by-laws be considered a part of the policy or contract between the parties." *Held*, that a failure to attach an application for life insurance to the policy, which referred to it, prevented such application from being treated as a part of the contract or introduced in evidence as such, or to show that certain statements were contracted or warranted to be true; but it did not prevent the defendant from pleading and proving that the insured had made false and fraudulent statements as to his age and health, and

had thus fraudulently induced the insurer to issue the policy, and that it was therefore void, not as matter of contract, but because of fraudulent procurement.

2. Suit was brought on a policy of life insurance containing the following provision: "If the age of the insured is incorrectly stated, the amount payable under this policy shall be the insurance which the actual premiums would have purchased at the true age of the insured." The age stated in the policy was 55 years. The defendant pleaded fraud in the procurement of the policy, alleging that in fact the insured was more than 70 years of age, and uninsurable. *Held,* that the rate book of the company was admissible for the purpose of showing that there was no rate on a person seventy years of age, and that the misrepresentation was material.

3. Under the issue of fraud in the procurement of the policy, it was competent to show false representations by the insured as to his age and health, and what they were in fact; and admissions made by him at other times were relevant in that connection.

4. The tax digest of the county of the residence of the insured was admissible in evidence to show that while his name appeared thereon, he returned no poll tax, as bearing on his age.

5. So also was the book of registered voters, containing the name of the insured and the statement of his age.

6. It is not correct practice to attach to a plea as exhibits original documents which will be relied on as evidence. Copies, not original papers, should be used as exhibits to pleadings. Where originals are so attached, on proper motion made in due time the court should require the originals to be detached and copies substituted. But where no such motion was made, and just before the jury retired the court was asked to have the exhibits detached from the answer of the defendant and not to allow them to be taken out by the jury, and not to allow the jury to see them, a refusal of such motion will not necessitate a new trial, where the court in the presence of the jury had rejected such papers from evidence, and ruled them inadmissible as such.

7. When considered in the light of the evidence and the entire charge, the charges complained of do not require a new trial. The evidence was sufficient to authorize the verdict.

JULY 14, 1910.

Action upon insurance policy. Before Judge Rawlings. Johnson superior court. July 12, 1909.

*J. L. Kent, E. L. Stephens,* and *Hines & Jordan,* for plaintiff.

*William Faircloth, B. B. Blount, Fred Harper, Brown & Randolph,* and *Robert S. Parker,* contra.

LUMPKIN, J. A policy of insurance was procured on the life of an aged negro, who was about seventy years old and in feeble health, as shown by the weight of the testimony. He represented himself to be fifty-five years of age and in good health, and the policy stated his age to be fifty-five years. There was evidence

51

tending to show that he did not pay the premium himself, but it was paid by a white man, on whose place he lived. The person who paid the premium also appeared to have taken considerable interest in effectuating the insurance. The policy was dated January 22, 1908, and was assigned to the person who paid the premium, the assignment being dated January 30. The evidence showed that the assignment was prepared in advance, and was taken to the insured, along with the policy, and that then it was signed, and both together were delivered to the assignee. On February 3 the' insured died, twelve days after the date of the policy. Suit was brought by the assignee against the insurance company. The defendant set up fraud in the procurement of the policy, and that it was a wagering contract, but offered to return the premium paid.

The principal question involved is as to the effect of the act of August 17, 1906 (Acts 1906, p. 107). It declares, that, "from and after the passage of this act, all life and fire insurance policies issued upon the life or property of persons within this State, whether issued by companies organized under the laws of this State or by foreign companies doing business in this State, which contain any reference to the application for insurance, or the constitution, by-laws, or other rules of the company, either as forming part of the policy or contract between the parties thereto, or having any bearing on said contract, shall contain or have attached to said policy a correct copy of said application signed by the applicant, and of the by-laws referred to; and unless so attached and accompanying the policy, no such constitution or by-laws shall be received in evidence either as part of the policy or as an independent contract in any controversy between the parties to or interested in the said policy; nor shall such application or by-laws be considered a part of the policy or contract between such parties." This act provides that where a reference is made in the policy of insurance to the application, a correct copy of the latter must be attached to the policy; and unless this is done, such application shall not "be considered a part of the policy or contract between such parties." But this does not exclude an insurance company from showing that the policy was procured by fraud and misrepresentation. To consider the application as a part of the contract of insurance, and as forming a warranty or covenant, treats the policy as a valid contract and sets up one of its terms. To seek to set aside or repudi-

ate the policy as having been obtained by fraud is to set up that there was no valid and binding contract of insurance. The two things are entirely different. The legislative enactment which declares that, under certain circumstances, an application for insurance mentioned in the policy shall not be considered a part of the policy or contract between the parties does not prohibit one of such parties from showing that, whatever the contract was, it was procured by the fraud of the other. 1 May on Insurance (4th ed.), § 29 C. Section 2097 of the Code of 1895, in so far as it provides that the representations contained in an application for insurance are considered as covenanted to be true, is modified by the act of 1906. But section 2098 provides: "Any verbal or written representations of fact by the assured to induce the acceptance of the risk, if material, must be true, or the policy is void. If, however, the party has no knowledge, but states on the representation of others, bona fide, and so informs the insurer, the falsity of the information does not void the policy." And section 2099 declares that "A failure to state a material fact, if not done fraudulently, does not void; but the wilful concealment of such a fact, which would enhance the risk, will void the policy." The court excluded the application; but evidence was admissible to show false representations and concealment.

. The tax digest was admissible. *Griffin* v. *Wise*, 115 *Ga.* 610 (41 S. E. 1003) ; *Western & Atlantic R. Co.* v. *Tate*, 129 *Ga.* 526 (59 S. E. 266). The registration book of voters was also admissible to throw light on the age of the insured. The charge of the court was not entirely accurate, in view of the sections of the code above cited, and of the provision in the policy, that, "If the age of the insured is incorrectly stated, the amount payable under this policy shall be the insurance which the actual premium would have purchased at the true age of the insured." But when the entire charge is considered together, and it is remembered that, if the insured was seventy years of age instead of fifty-five, he was not an insurable risk in this company, and that the premium would not have purchased any insurance at his true age, we do not think that any of the charges to which objection was taken should cause a new trial. The jury found for the defendant. The presiding judge approved their finding, and we can not say that he erred in so doing.　　　*Judgment affirmed. All the Justices concur.*