# NORTH CAROLINA MUT. LIFE INS. CO. v. BANKS.—148 S. W. (2d) 54.

Middle Section.   November 30, 1940.

Petition for Certiorari denied by Supreme Court, March 1, 1941.

Z. Alexander Looby, of Nashville, for plaintiff in error Insurance Co.

Baxter Sweeney, of Nashville, for defendant in error Gertie Mai Banks.

CROWNOVER, J. This was an action by the beneficiary Gertie Mai Banks to recover on an industrial policy on the life of her mother, Lilie Armstrong.

The policy provided for the payment of $100 in case of death by natural causes and for double indemnity in case of accidental death before the age of 60 years.

The policy provides "that if the age of the Insured has been misstated, the amount payable hereunder shall be such as the premium would have purchased at the correct age." It further provides: "If, however, the true age of the insured at date of issue is greater than the oldest age accepted by the Company, then the payment of the reserve hereon will relieve the Company of all obligations under this policy." But the policy does not state what the age limit is.

Gertie Mai Banks, a colored woman of the age of about 35 years, applied to an agent of the Insurance Company for the policy. She did not know her mother's age, and so informed the agent. She testified that the agent "guessed" at what he thought was her age; that he talked to her mother after talking to her, but she did not hear the conversation; and that the policy was delivered to her.

The agent wrote on the application blank that the insured's age was 48 years, and the insured's name is signed to the application.

The policy was issued on May 20, 1935, providing for a premium of 16c a week. All premiums were paid.

Lilie Armstrong was run over by an automobile by a hit and run driver and killed on December 22, 1936.

In her death certificate her age was given as about 63 years.

The Insurance Company denied liability.

The case was tried by the judge without the intervention of a jury.

The defendant Insurance Company undertook to prove by its district manager and its assistant district manager that the Company refused to issue insurance policies on persons over the age of fifty years, but this evidence was excluded by the judge on objection by the plaintiff.

F. B. Edwards, the Company's district manager, testified that the Company's age limit for applicants for insurance was 50 years.

Counsel for the plaintiff objected and the court sustained the exception.

F. E. Walker, assistant district manager, testified that the Company's rate book showed the maximum age as 50 years, but he did not produce the rate book.

The plaintiff excepted to this testimony and the court sustained the exception.

A certified copy of her death certificate was filed, in which it was stated that her age was about 63 years. This was prima facie evidence of the facts stated therein. Code, sec. 5863.

The trial judge rendered judgment for the plaintiff in the sum of $100 with interest, $17.84, making a total of $117.84.

The defendant excepted to said judgment and appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) There is no evidence to support the judgment.

(2) The trial judge erred in excluding the evidence that the age limit of risks was 50 years.

The only proposition raised by the Insurance Company is that the Company refuses to insure persons over the age of 50 years; that the insured was over the age of 50 when the policy was issued; that the statement in her application that she was 48 was untrue; and that the fact that she was beyond the age limit renders the policy void.

But the court excluded, on exception, the evidence of the Company's witnesses on the question of the age limit for insurance, and there is no other evidence in the record on the subject.

The plaintiff's exceptions to the evidence on this subject were general exceptions and stated no reasons for objecting.

But where there is a general exception to evidence without stating the reason for its exclusion, which exception is sustained, the appellate court will sustain the ruling if there is any valid ground for the exception. Graham v. McReynolds, 90 Tenn., 673, 18 S. W., 272.

The exception to the testimony of the witness Edwards was good because he stated that he knew that the age limit was 50 years, whereas the evidence showed that the age limit was set out in the rate book, therefore the rate book was the best evidence and it was not produced in evidence.

The exception to the testimony of the witness Walker was good because the rate book was the best evidence and he did not produce the rate book.

The rate book of the Company would have been admissible if properly proven for the purpose of showing that there was no rate on a person over 50 years of age. Johnson v. American Nat. Life Ins. Co., 134 Ga., 800, 68 S. E., 731.

■ An insurance policy issued to one above fifty years of age is valid if there is no regulation of the company prohibiting the issuance of policies to persons over that age, and it requires a by-law or resolution duly adopted by the Company to make such a regulation valid.

■ Parol testimony as to the regulations of the Company is not admissible, where such regulations are printed or written. "The rules themselves are the best evidence, and an employee may not testify to them without producing them." 2 Jones on Evidence (2 Ed.), 1420, sec. 766; 20 Am. Jur., 373, sec. 415; 29 Am. Jur., 1100, sec. 1467; 8 Couch on Ins., 7041, sec. 2177.

To the same effect is the case of Page v. Knights and Ladies of America, Tenn. Ch. App., 61 S. W., 1068, in which the Tennessee Court of Chancery Appeals reviewed the manner in which the constitution, by-laws, rules and regulations of the Company may be proved. The court held the original books of a private corporation, containing the minutes, are the best evidence of the corporate action (3 Thompson on Corporations (3 Ed.), sec. 1971), and that not only parol evidence was inadmissible to prove the regulations of an insurance company, but unauthenticated copies were not admissible. This proposition was further discussed in the case of Allen v. Grand Lodge, 20 Tenn. App., 43, 95 S. W. (2d), 65.

■ If the defendant's agent who sold the policy knew when he did so that insured was over 50 years of age, defendant could not plead such provision in defense, unless insured knew that the agent had no authority to issue the policy, in which event plaintiff could not recover. Travelers' Ins. Co. v. Crawford's Adm'r, 106 S. W., 290, 32 Ky. Law Rep., 517.

There is no evidence that insured knew that the Company would not issue a policy on one over fifty years of age, or knew that the agent had no authority to issue such a policy.

"Likewise, where the agent of the insured misstates the insured's age without the latter's knowledge, and he is induced to accept the policy under the belief that it is a valid contract, the insurer is bound, although the policy expressly provides that the insurer shall not be bound by representation of the agent. So, the knowledge of insurer's agent, when he obtained the insurance, that insured was over the prescribed age, will preclude a defense of misstatement, in the absence of knowledge on insured's part that said agent was unauthorized to act, even though the laws of the insuring society expressly provide that no agent shall have power to waive conditions." 4 Couch on Insurance, 2889, 2890, sec. 878d.

■ The testimony of the Company's witnesses being properly excluded, there was no evidence for the defendant, hence the trial judge correctly rendered judgment for the plaintiff.

There is no evidence in the record of the amount of insurance that the premium paid would have purchased at the age of 63 years, or that it would have been different from the amount provided for in the policy.

The plaintiff did not appeal from the trial judge's refusal to render judgment for double indemnity, and that question is not before us.

It results that the assignments of errors are overruled and the judgment of the lower court is affirmed. A judgment will be entered in this court in favor of Gertie Mai Banks against the Insurance Company for $117.84 and interest from February 14, 1940, to the present. The costs of the cause including the costs of the appeal are adjudged against the Insurance Company and the surety on its appeal bond.

Faw, P. J., and Felts, J., concur.