### 36743. SMITH *v*. COLE *et al.*

DECIDED SEPTEMBER 4, 1957.

*A. C. Felton, III,* for plaintiff in error.

*W. T. Roberts, W. F. Blanks,* contra.

CARLISLE, J. ■ Since, under Code § 81-1301, all parties as a matter of right may amend their pleading in all respects prior to judgment, it was error for the trial court to refuse the plaintiff's amendment offering to strike paragraph 17 of her petition which alleged: "The assault on petitioner was wholly unprovoked." The error was not harmful to plaintiff, however, where another paragraph as to which no offer to amend was made also alleged that the assault and battery was unprovoked. Both paragraphs were denied by the answers, and, under the latter, even with the former paragraph stricken, the defendant would have a right to show that there was provocation for the assault and battery alleged in the petition. Cf. *Waters* v. *Wells,* 155 *Ga.* 439 (117 S. E. 322) where the "harmless error" rule is applied to evidence.

■ Error is also assigned on the allowance of the amendments to the answers in which the defendants set out in greater detail their contentions as to what actually occurred when the plaintiff entered the place of business where the defendants were employed, the objection to the allowance thereof being on the ground that "the amendment sought to justify the assault while the petition as amended denied the assault."

Special grounds 4 through 10 of the amended motion for new trial complain of the admission of testimony on behalf of the defendant which tended to show that the plaintiff was the aggressor, on the ground that such evidence tended to show justification on the part of the defendant and there were no pleadings to

authorize its introduction. Special grounds 12, 13, 14, 15 and 16 complain of excerpts from the charge of the court in which he used such phrases as: "you will look to the evidence to see whether or not that assault was justified . . . if you find that neither of the defendants were justified in the acts that the evidence has produced to you occurred in this case, then you will look to see whether there was any conduct on the part of either or both of the defendants that would mitigate or act in extenuation of the damages. . . I charge you for purpose of mitigating damages as well as justification in a civil action you as jurors are not limited merely to opprobrious words. . . They have placed the burden upon the plaintiff to establish that assault in the very beginning and by the amendment in this case of pleading opprobrious words and an actual aggression by the defendant which they say justified the acts they did, then you must consider those acts as to whether they constitute justification or mitigation." The charge is also excepted to on the ground that justification was not an issue in the case, there being no pleadings to support it. The evidence itself was in conflict, that on behalf of the plaintiff tending to show an unprovoked assault by the defendant, and that on behalf of the defendant tending to show an unprovoked assault by the plaintiff, as to which the defendant committed only those acts which it was necessary for him to do in self-defense, and counsel for plaintiffs in error do not argue the general grounds of the motion for a new trial, and do not contend that the evidence introduced demanded a finding for the plaintiff, but rather that such evidence, and the charges based thereon, were erroneously injected into the case.

Code § 105-1801 provides: "In every case of tort, if the defendant was authorized by law to do the act complained of, he may plead the same as a justification; by such plea he admits the act to be done, and shall be entitled to all the privileges of one holding the affirmative of the issue; but such plea shall not give to the defendant the right to open and conclude the argument before the jury, unless it shall be filed before the plaintiff submits any evidence to the jury trying the case."

Code § 105-1802 provides that circumstances not amounting to justification may be pleaded in extenuation and mitigation of

damages, in which connection see also *Hutcheson* v. *Browning*, 34 *Ga. App.* 276 (1) (129 S. E. 125) ; *Robinson* v. *DeVaughn*, 59 *Ga. App.* 37 (1b) (200 S. E. 213). Code § 81-306 provides: "In all cases when the defendant desires to make a defense by plea or otherwise he shall therein distinctly answer each paragraph of plaintiff's petition, and shall not file a mere general denial, commonly known as the plea of 'general issue.' He may in a single paragraph deny or admit any or all of the allegations in any or all of the paragraphs of the petition."

Under Code § 105-1801, which places certain burdens and awards certain privileges to the defendant, the plea, to meet the legal requirements, must in effect be one of confession and avoidance—that is, it must, as stated in *Berkner* v. *Dannenberg*, 116 *Ga.* 954 (4) (43 S. E. 463, 60 L. R. A. 559) "admit the commission of the acts charged in the petition *as they are therein alleged;* and a plea which only partially admits the commission of the acts charged is not a plea of justification and does not entitle the defendant to the opening and conclusion of the argument." (Italics ours.) Under this decision the amendment of the defendant was not a plea of justification as set out in Code § 105-1801; it denied the entire occurrence in the manner in which the plaintiff alleged it, and it went on to admit that the defendant took the plaintiff by the arms, which under certain circumstances would be an assault and battery, but which under the circumstances the defendant contended were existent, was an act completely justified as being done in self-defense. We do not apprehend the law to be, as counsel for the plaintiff in error appear to urge, that a defendant in an assault and battery case has no choice but to admit the act *as alleged by the plaintiff* and plead justification for *that* act, or be forced to the other extreme and show by a preponderance of evidence that no assault of any kind occurred between the parties. The defendant pleaded and offered evidence to show that the assault did not occur as contended by the plaintiff; that on the contrary the plaintiff assaulted him and he used that amount of force which was necessary to repel the assault and remove the plaintiff from the building. The amendment was authorized under Code § 81-306, or Code § 105-1802, or both. Evidence in support thereof was

properly admitted which authorized charges on both justification and mitigation. That the issue of justification may not only arise from the evidence where no plea of justification is filed, but that such evidence may in fact demand a verdict for the defendant, see *Hanna* v. *Estridge*, 59 *Ga. App.* 182 (200 S. E. 174). The evidence objected to was admissible for two reasons—it tended to disprove the "unprovoked assault" alleged by the plaintiff, and it supported the allegations of the amendment to the answer. From that evidence the jury might have found either that the assault occurred as alleged in the petition but was provoked by conduct of the plaintiff, or that it occurred as alleged in the amendment and did not constitute a tort—in other words, that the defendant was justified in what he did. Examining the charge with these points in mind, it is difficult to theorize a charge fair to both parties in which the word "justification" would be entirely omitted. Since the jury was in no way misled into applying the word to that situation contemplated in Code § 105-1801, it was not erroneous in the context in which used. These grounds are without merit. For the same reason the court did not err as contended in special ground 11 in charging that "the burden of proof is always on the plaintiff to establish her allegations by a preponderance of the evidence." The case of *Rigden* v. *Jordan & Stewart,* 81 *Ga.* 668 (7 S .E. 857) has no application where no plea of justification as contemplated by Code § 105-1801 is filed. Here, again, the *Hanna* case controls. In that case, the plaintiff alleged an unprovoked assault, and the defendant denied this allegation. Under that issue the defendant had a right to prove that he did kill the plaintiff's husband but did so in self-defense, and the plaintiff failed to carry the burden, which remained with her throughout the case, of proving that the homicide occurred as alleged in the plaintiff's petition.

The trial court did not err in denying the motion for new trial or in the other rulings complained of.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*