38560.   SCALES *et al.* v. PEEVY *et al.*

DECIDED JANUARY 17, 1961.

*Joseph E. Cheeley*, for plaintiffs in error.

*Merritt & Pruitt, Glyndon C. Pruitt, Hurt, Gaines, Baird, Peek & Peabody, Joe C. Freeman, Jr.*, contra.

BELL, Judge. ■ (a) The motion to dismiss the writ of error asserts that the bill of exceptions shows that the orders complained of were dated July 13, 1960, and the record was not certified by the trial judge until August 26, 1960, and thus, it is contended, the bill was not tendered within 30 days of the date

of the decision as required by *Code* § 6-902. However, the bill of exceptions recounts that it was tendered on August 10, 1960, which was within the required 30-day period. Further, the trial judge has certified that the bill of exceptions is true and correct. Accordingly, we accept the certificate of the judge certifying to the truth and correctness of the bill, which included the statement that the bill was tendered within 30 days.

(b) In substance, the other ground as urged by the defendants in error in their motion to dismiss the writ is that the plaintiffs in error were each a distinct and sole petitioner in two separate cases in the court below and, therefore, they may not appeal jointly the separate orders issued in the two cases by one bill of exceptions.

Thus, for the first occasion, there is presented for our consideration the effect of *Code Ann.* § 6-919 which is recorded in the following language: "Whenever two or more persons are defendants or plaintiffs in an action and a judgment, verdict, or decree has been rendered against each of them, jointly or severally, said plaintiffs or defendants, as the case may be, shall be entitled to file joint bills of exceptions, motions for new trial, motions in arrest, motions to set aside, and motions for judgment notwithstanding the verdict, without regard to whether such parties have a joint interest, or whether the cases were merely consolidated for purposes of trial."

We now look to the record to determine if the situations it reveals are in harmony with the provisions of the statute.

The record shows: (1) there were two petitions filed in the superior court under separate case numbers, each by a single plaintiff but both against the same two defendants; (2) the cause of action alleged in each petition arose from the same automobile collision; (3) these petitions, as certified in the record by the trial judge, although bearing different dates, are styled together—one after the other—with the averments of one being followed typographically by those of the other without its separate styling or case number; (4) the motions for summary judgment, one styled for each case, are identical; (5) the issue was identical in each of the motions for summary judgment; (6) in each of the motions, the depositions of H. L. Peevy and of

Winton Hubert Peevy were incorporated by reference. Each deposition of each defendant was taken by the plaintiff in each of the two cases for the purpose of cross-examination. The deposition of each was styled as being in each of the two cases, and by stipulation of counsel, each was to be used in both cases; (7) the determination of the trial judge in each case was based on the same evidence; (8) the judgment of the trial court upon each of the motions was identical; (9) each of the judgments on the motions was rendered by the trial judge on the same day; (10) the hearings on the motions were set for the same day; and (11) there is nothing in the record which indicates that separate hearings were had on the two motions.

Although the record does not reveal any formal order entered by the trial judge consolidating the cases for purposes of trial, or consolidating the hearings on the motions for summary judgment, it appears clear from the particulars enumerated that the motions for summary judgment were in fact consolidated for the purpose of the hearings on them. In a situation such as this the plaintiffs in error may use one bill of exceptions to appeal the orders, since the two cases involved the same issues and the same defendants. This procedure under these circumstances is authorized by *Code Ann.* § 6-919 ". . . without regard to whether such parties have a joint interest, or whether the cases were merely consolidated for purposes of trial." To hold otherwise here would neither be within the spirit encompassing the promulgation of the 1957 amendments to the rules of practice and procedure nor within the legislative intent in causing their enactment. Courts should strive to eliminate, not create, needless technicalities, and this especially in a jurisdiction already far too overburdened with them.

It is obvious that the intent of the General Assembly in enacting this statute was to allow a joint bill of exceptions in those instances where two cases were consolidated for purposes of trial. This authorizes a procedure which upon numerous occasions has been refused by decisions of this court and of the Supreme Court. Its beneficent purpose must not be negated by the application of obsolescent decisions.

The motion to dismiss the writ of error is denied.

■ There remains one question to be decided. The plaintiff contends that the trial court erred in granting the motions for summary judgment which, in effect, released H. L. Peevy as a party defendant in the two cases, because there was a genuine issue in each case as to a material fact—namely, the ownership of the motor vehicle by the defendant father, H. L. Peevy— and that the granting of the motions for summary judgment was not authorized under *Code* Ch. 110-12 (Ga. L. 1959, p. 234 et seq.). Each of the motions for summary judgment was based on the ground that the defendant H. L. Peevy had absolutely no title or interest in the automobile involved in the collision and that this contention was proved by the sworn deposition testimony of H. L. Peevy and Winton Hubert Peevy. The plaintiff contends that the granting of these motions for summary judgment and the releasing of the father as a party defendant in each case prevented the plaintiff from proving by any other means the ownership of the car by the defendant father. The act of 1959 authorizing summary judgments obviously had as one of its purposes, where there is no genuine issue as to any material fact in a case, to allow the trial court to apply appropriate legal principles and to define the legal rights of the parties without lengthy trials to establish the already undisputed facts. *Caldwell v. Mayor &c. of Savannah*, 101 Ga. App. 683, 684 (115 S. E. 2d 403). As we interpret the act, where, as here, there has been an order to show cause under a motion for summary judgment, the time for the opposite party to present his relevant evidence, if any, is at the time of the hearing on the order to show cause, and if this is not done, it is too late to complain later. Thus "if the plaintiff in error, at the time of the hearing on the motion for summary judgment had any valid defenses, it was his duty under the Summary Judgment Act to present same at that time, for the very purpose of the Summary Judgment Act is to afford either party litigant to a judgment *forthwith* if the record shows there is not a genuine issue existing between the parties, but only after each party has had opportunity to make out his case, or establish his defense, as the case may be. The summary judgment granted in this case places the plaintiff in error in no different position from where a verdict by a jury, or

a directed verdict by the trial court would have placed him." *Studstill v. Aetna Casualty &c. Co.*, 101 Ga. App. 766, 768 (115 S. E. 2d 374).

In this case the summary judgment statute cast the duty upon the plaintiff to produce rebuttal evidence at the hearing by way of depositions or affidavits sufficient to show to the court that there was a genuine dispute for the jury to decide as to whether, under the law, the father furnished the automobile to his son as a family-purpose car. While it is true that the summary judgment statute does state that the judgment sought shall be rendered forthwith if the *pleadings,* depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law (Ga. L. 1959, p. 234, and see *Code Ann.* § 110-1203) and while the petitions here do allege, and the answers do deny, that the father defendant furnished the automobile to his son as a family-purpose car, the pleadings do not in this situation raise a *genuine issue* as to a material fact within the purview of the summary judgment statute. If a motion for a summary judgment were to be denied in every instance where an issue appears in the pleadings by an allegation and a denial, there would indeed be little or no use or need for the statute, as there would be no functional difference between the motion and our traditional system of taking advantage of defects in the pleadings by the use of general and special demurrers. It is obvious that the General Assembly intended for the statute to have a greater and more beneficial scope. We think the legislature had as a primary purpose in enacting the summary judgment procedure to allow a party to pierce the allegations of the pleadings and show the truth to the court and receive judgment where there is no genuine issue of material fact although an issue may be raised by the pleadings. For a full discussion on summary judgment procedure, see Moore's Federal Practice, 2d Ed., Vol. 6, Chapter 56, p. 2001, and see, on the specific point discussed here, § 56.09 et seq., beginning on p. 2052.

The trial court did not err in granting the motions for summary judgment.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*