39018.   TURNER, etc., *et al.* v. MARYLAND CASUALTY COMPANY *et al.*

DECIDED OCTOBER 24, 1961.

*C. Winfred Smith,* for plaintiffs in error.

*Telford, Wayne & Smith, Jeff C. Wayne, Smith & Smith, C. E. Smith, Jr., Whelchel, Dunlap & Gignilliat, William P. Whelchel,* contra.

JORDAN, Judge. ■ The defendants in error have filed a motion to dismiss the writ of error on the ground that this court is without jurisdiction to entertain a joint bill of exceptions upon two unconsolidated cases in which separate verdicts and judgments were rendered in the court below. Under *Code Ann.* § 6-919, as interpreted by this court in *Scales v. Peevy,* 103 Ga. App. 42 (1b) (118 SE2d 193), the plaintiffs in error were authorized to use one bill of exceptions to appeal the judgments complained of since the two cases involved the same issues and the same defendants and were tried together. A formal order of consolidation is not essential where the cases were in fact consolidated for purposes of trial. See Report of the 74th Annual Session of the Georgia Bar Association, 1957, p. 274. The motion to dismiss the writ of error is denied.

■ It is a well established principle of law in this State that there is no error in directing a verdict which is the inevitable and only legal result of the pleadings and the evidence. *Code* § 110-104; *City of Abbeville v. Jay,* 205 Ga. 743, 749 (55 SE2d 129). Since it was alleged in the petitions of the plaintiffs that the assault, which was the subject matter of the suits, was "wholly unprovoked," wilful and uncalled for, the burden of proof was on the plaintiffs to prove said allegations in order to recover. *Hanna v. Estridge,* 59 Ga. App. 182 (200 SE 174); *Smith v. Cole,* 96 Ga. App. 300, 304 (99 SE2d 907). The evidence adduced upon the trial of the cases, however, was not only insufficient to sustain the plaintiffs' burden of proof on this issue but affirmatively disclosed that the instant assault was effected by the acts and conduct of Jackie Turner, who, while under arrest and in custody of the sheriff's deputies, feigned the possession of a gun and threatened to shoot the officers.

Accordingly, a verdict was demanded for the defendants and the trial judge did not err in so directing.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*