40004. FULLER v. SELF.

Decided April 3, 1963—Rehearing denied April 23, 1963.

*William A. Ingram,* for plaintiff in error.
*J. R. Cullens,* contra.

NICHOLS, Presiding Judge. 1. The defendant Fuller contends that the evidence demands a finding that the sole proximate cause of the collision was the negligence of the driver of the corporate defendant's truck. There was evidence that the driver of the truck owned by the corporate defendant failed to give any signal before attempting to make a left turn and turned across the path of the automobile in which the plaintiff was riding, and that such negligence was the sole proximate cause of the collision which resulted in the plaintiff's injuries. However, there was also evidence that would authorize a finding that the defendant Fuller started to pass the corporate defendant's truck without giving an audible signal (*Code Ann.* § 68-1716 (a) ), although the driver of the corporate defendant's truck did give a signal for a left turn, and that the proximate cause of the collision and the plaintiff's injuries was the negligence of both drivers. While other allegations of negligence were supported by the evidence as to both defendants the above sufficiently shows that the trial court did not err in overruling the defendant Fuller's motion for judgment non obstante veredicto and the general grounds of his motion for new trial.

2. Special grounds 4 and 5 complain that the trial court erred in refusing to charge, in the exact language requested, two written requests to charge. Special grounds 6, 7, 8, 9 and 10 complain of excerpts from the charge, and special ground 11 complains of the failure to charge a quoted principle of law even without request.

No evidence or pleadings is quoted in any ground of the motion for new trial nor is any evidence referred to by page number so as to complete such special grounds of the motion for new trial, and it must be held that each ground is incomplete and cannot be considered to determine if the charges not given were authorized and demanded, or whether the charges given were not authorized. See *Singleton v. Singleton,* 202 Ga. 269 (4) (42 SE2d 737) ; *Beecher v. Farley,* 104 Ga. App. 785, 788 (123 SE2d 184) ; *Hodges v. Gay,* 100 Ga. App. 210 (110 SE2d 570) ; and cases cited. However, special grounds 7, 9 and 10 which also contain an assignment that the charge given was erroneous as an abstract principle of law will be considered, for as was stated in *Anderson*

*v. Southern R. Co.*, 107 Ga. 500 (4a, b) (33 SE 644): "A general assignment of error upon a designated portion of the judge's charge will be considered for the purpose of ascertaining whether or not the particular language thus complained of states a correct abstract principle of law.

"(a) If it does, then the investigation here must end; for in the absence of a specific assignment of error, this court will not inquire whether the words excepted to are or are not adjusted to the issues and facts of the case.

"(b) If an instruction, excepted to in general terms, be erroneous because it is not a correct or accurate statement of the law, then, as all error is presumably prejudicial, the record will be examined for the purpose of ascertaining whether or not the party complaining has really been injured by the giving of such instruction." See also *Hardwick v. Georgia Power Co.*, 100 Ga. App. 38, 45 (110 SE2d 24).

3. Special ground 7 complains that an excerpt from the charge was not correct as an abstract principle of law. This excerpt instructed the jury that it was not necessary for plaintiff to prove all the acts of negligence alleged but that it was absolutely necessary and essential that he prove at least one of the acts of negligence charged against each defendant in order for that defendant to be liable, and further, even though he proved at least one of the acts of negligence in order to hold both defendants, that the acts of negligence proved were joint and concurrent, and that they were the proximate or a contributing proximate cause of the injuries alleged.

The charge which required the plaintiff to prove at least one allegation of negligence, but not all such allegations, was not erroneous as an abstract principle of law. *Southern R. Co. v. Bullock*, 42 Ga. App. 495, 498 (156 SE 456); *Sammons v. Webb*, 86 Ga. App. 382, 390 (71 SE2d 832). And the charge, when considered with the remainder of the charge did not authorize a verdict against one defendant based merely on negligence without such negligence constituting the proximate cause of the plaintiff's alleged injuries.

4. Special ground 9, which complains that the trial court erred in charging that depositions which have been read to the

jury should be considered the same as any other evidence produced from the stand because such charge was erroneous and not sound as an abstract principle of law, is without merit. See *Lester v. Baxter*, 184 Ga. 368, 374 (191 SE 429, 111 ALR 493).

5. Special ground 10, which complains that the charge to the jury that it should find for the defendants in the event it determined the plaintiff had not carried the burden of proof by a preponderance of the evidence was not correct as an abstract principle of law, is without merit.

The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*