40275. LIFE INSURANCE COMPANY OF GEORGIA
v. BLANTON.

DECIDED JANUARY 24, 1964—
REHEARING DENIED FEBRUARY 13, 1964.

*Wm. Henderson, Ronald F. Adams, W. A. Davis, Jr.,* for plaintiff in error.

*Albert E. Butler,* contra.

JORDAN, Judge. ■ The motion to dismiss requires considera-

tion of an Act of the General Assembly (Ga. L. 1957, pp. 224, 234; *Code Ann.* § 6-919), which reads in part as follows: "Whenever two or more persons are defendants or plaintiffs in an action and a judgment, verdict, or decree has been rendered against each of them, jointly or severally, said plaintiffs or defendants, as the case may be, shall be entitled to file joint bills of exceptions, motions for new trial, motions in arrest, motions to set aside, and motions for judgment notwithstanding the verdict, without regard to whether such parties have a joint interest, or whether the cases were merely consolidated for purposes of trial."

This court has interpreted this statute in *Scales v. Peevy*, 103 Ga. App. 42 (118 SE2d 193), in which we said at page 45, "It is obvious that the intent of the General Assembly in enacting this statute was to allow a joint bill of exceptions in those instances *where two cases were consolidated for purposes of trial.* (Emphasis supplied). This authorizes a procedure which upon numerous occasions has been refused by decisions of this court and of the Supreme Court. Its beneficent purpose must not be negated by the application of obsolescent decisions." The *Scales* case has been followed and cited with approval in the cases of *Columbus Plumbing, &c. Co. v. Home Fed. Sav. &c. Assn.*, 104 Ga. App. 36 (121 SE2d 62) ; *Turner v. Maryland Cas. Co.*, 104 Ga. App. 693 (122 SE2d 479) ; and *Sun Insurance Office, Ltd. v. Guest Camera Store, Inc.*, 108 Ga. App. 339 (132 SE2d 851).

In the case under consideration there were two separate petitions filed by the same plaintiff against the same defendant, based on insurance contracts issued on one application made by the insured. The determining issue in both cases was whether or not the insured knowingly answered falsely certain questions in the application which were material to the risk. The cases were consolidated for trial before a jury which, after hearing the evidence and arguments, rendered two verdicts differing only in the amount involved in each contract.

As pointed out in *Scales* and *Turner*, supra, if the cases involve the *same issues* and are *consolidated and tried together* in the court below, the use of one bill of exceptions to complain

of the judgments is authorized and sufficient. While the language used in the statute might indicate the use of a single bill of exceptions only where there are multiple plaintiffs or multiple defendants or both, our interpretation of this Act in the *Scales* and subsequent cases has not indicated such a restricted view.

The cases under consideration, involving the same parties, the same issues, and consolidated for trial in the court below, should be reviewable here by a single bill of exceptions. The motion to dismiss is therefore overruled.

■ The application for the policies of insurance sued upon was not attached to and made a part of the contracts of insurance; and said policies could not therefore be avoided because of any false representations made by the insured, though material to the risk, unless the act of the applicant for insurance was fraudulent. *Progressive Life Ins. Co. v. Gazaway,* 67 Ga. App. 339 (20 SE2d 189). It was thus incumbent upon the defendant insurer in order to avoid the policies to prove that the same were fraudulently procured by wilful and false statements as to matters material to the risk in the application or the fraudulent concealment of such matters made by the insured for the purpose of obtaining the insurance, as alleged by way of defense in the insurer's answers to the plaintiff's petitions. *Johnson v. American Nat. Life Ins. Co.,* 134 Ga. 800 (68 SE 731); *National Life &c. Ins. Co. v. Dorsey,* 69 Ga. App. 734 (26 SE2d 654).

While it is strongly contended by counsel for the defendant insurance company that the evidence adduced on the trial of this case demanded a finding that the policies in question were fraudulently procured by wilful and false answers given by the insured to the four questions in the application which were set forth in the answers to the petitions, an examination of the record before this court fails to disclose any evidence which would authorize the finding that the answers given by the insured to questions 22, 23 and 24 were false and untruthful. There is no evidence that the insured at the time of the application had any symptoms of sickness or physical or mental impairment; that he had had medical, hospital or surgical treatment in the five-year period preceding the application; or that

he had been advised to have an operation or treatment which had not been completed.

With regard to the remaining question in the application, counsel for the defendant primarily relies upon the contention that an exemplified copy of a lunacy commission issued by the Court of Ordinary of Crisp County on December 1, 1952, in which one James E. Prather, Jr., was adjudged insane and ordered committed to Milledgeville State Hospital or Oliver General Veterans Hospital at Augusta, Georgia, was admitted into evidence as "Defendant's Exhibit 3," along with the testimony by deposition of Wayne Daniel, Vital Statistical Analyst of Milledgeville State Hospital, that a James E. Prather, Jr., was admitted to the hospital on December 2, 1952, and remained there until June 5, 1954, when he was furloughed; and that said evidence conclusively established that the answer to question number 25 was falsely and wilfully given.

"Defendant's Exhibit 3," however, as contained in the record before this court, merely follows the brief of evidence and the order of approval thereon, and contains no verification or identification by the trial judge; and under well settled decisions of the appellate courts of this State, said exhibit, which was not contained or briefed in the approved brief of evidence or in the certified bill of exceptions or in the approved grounds of the motion for new trial, and which was not specially verified or identified by the trial court or copied or set out as an exhibit in the pleadings, is not properly a part of the record in this court and cannot be considered in ruling on the general grounds. *Warnell v. Ponder*, 54 Ga. App. 1 (2) (187 SE 261), and cases therein cited. It does appear from the record that this evidence was objected to by the plaintiff on the grounds that there was no showing that the James E. Prather, Jr. referred to in the lunacy commission and in the testimony of Mr. Daniel was the same person as the insured and the trial court in admitting said evidence expressly ruled that this was a question for the jury; and in any event it cannot be said that a finding was demanded that said persons were one and the same.

Under these circumstances and upon a careful review of the record before this court, it cannot be said that a finding was

demanded that the policies sued upon were fraudulently procured by wilful and false statements of the insured in the application for insurance; and the general grounds of the motion for new trial are therefore without merit.

■ The sole special ground of the amended motion for new trial which assigns error on the failure of the trial court to give in charge to the jury without request certain enumerated principles of law "raised by the pleadings and evidence" is too incomplete to present any question for consideration in that this ground neither sets forth any pleadings and evidence which would require the giving of the enumerated charges nor points out where in the record the same could be found. *Fuller v. Self,* 107 Ga. App. 664, 665 (2) (131 SE2d 241); *Whaley v. Sim Grady Machinery Co.,* 218 Ga. 838 (2) (131 SE2d 181).

*Judgment affirmed. Felton, C. J., Bell, P. J., Hall, Eberhardt, Russell, and Pannell, JJ., concur. Nichols, P. J., and Frankum, J., dissent.*

NICHOLS, Presiding Judge, dissenting. I must dissent from the ruling made in the first division of the opinion which overrules the plaintiff's motion to dismiss the writ of error. I therefore express no opinion as to the correctness of the rulings made thereafter.

"Where two cases between the same parties are consolidated merely for the purposes of trial, and separate verdicts are returned against the losing party, who thereupon makes in each case an independent motion for a new trial, the proper practice, in the event both of his motions are overruled and he desires to except to the judgments thereon, is to sue out separate writs of error." *Harris v. Gano & Jennings,* 117 Ga. 950 (1) (44 SE 8). In *McCrary v. Salmon,* 192 Ga. 313 (15 SE2d 442), the above case was distinguished upon the ground that an amendment filed before trial converted both cases into an action in equity seeking specific performance. In 1957 the General Assembly passed an Act (Ga. L. 1957, pp. 224, 234; *Code Ann.* § 6-919), which reads in part as follows: "Whenever two or more persons are defendants or plaintiffs in an action and a judgment, verdict, or decree has been rendered against each of them, jointly or severally, said plaintiffs or defendants, as the

case may be, shall be entitled to file joint bills of exceptions, motions for new trial, motions in arrest, motions to set aside, and motions for judgment notwithstanding the verdict, without regard to whether such parties have a joint interest, or whether the cases were merely consolidated for purposes of trial."

This Act deals with separate parties to a single action or separate parties to multiple actions where the cases are consolidated for the purpose of trial and involve only one cause of action. See *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193). It does not deal with multiple actions on different contracts between the same parties where the cases are consolidated for the purpose of trial and separate verdicts and judgments are rendered in each action. In such cases this court is bound by the holding of the Supreme Court in the case of *Harris v. Gano & Jennings,* 117 Ga. 950, supra, and similar cases. See also *Wilson v. Davis,* 218 Ga. 643 (129 SE2d 910). The writ of error in the present case should be dismissed.

*Frankum, J., concurs in this dissent.*