### 44522. SELLERS v. ANDERSON.

PER CURIAM. Ruth Sellers filed a claim against M. W. Anderson for damages resulting from a fall she had while a social visitor in the defendant's home.

The plaintiff alleged in part that the carport where she fell was dangerously constructed so as to give the visual impression that the floor is one concrete level but in fact it consists of two levels, one being approximately three inches above the other and both being of the same texture, color and appearance; that the defendant was also negligent in failing to adequately light the carport in that some of the lights were burned out and those not burned out were of insufficient brightness to illuminate the area; that the defendant was negligent in allowing these conditions to exist and in failing to warn plaintiff of the situation; that while the defendant was aware of the hazardous situation the plaintiff had no knowledge of it.

The defendant filed a motion for summary judgment attaching thereto affidavits of the defendant and his wife. The affidavits stated in part that: the plaintiff had entered the home through the same door and up the same steps only ten minutes prior to her fall; that immediately beneath the first step there was a large black rubber mat of a contrasting color to the gray concrete floor; that the lights in the carport were all lighted at the time the plaintiff fell; that there were two fixtures which contained two bulbs each.

The plaintiff did not file any evidence in response to the motion for summary judgment. The motion was granted, the plaintiff appealed and the case is here for review. *Held:*

The evidence of the appellee on motion for a summary judgment shows that the appellant admitted that the cause of her falling was that the heel on one of her high-heeled shoes gave way, which admission was not controverted by the appellant. The court did not err in granting the defendant's motion for summary judgment. *Scales v. Peevy,* 103 Ga. App. 42 (2) (118 SE2d 193). Whether the judgment was right for other reasons is not passed on.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur. Quillian, J., concurs in the judgment.*

ARGUED JUNE 2, 1969—DECIDED SEPTEMBER 4, 1969.

*John R. Carlisle,* for appellant.
*Adams, Barfield & Miller, Ronald Barfield,* for appellee.