## 44783.  NASH v. HESS OIL & CHEMICAL CORPORATION
### et al.

HALL, Judge.  The plaintiff in an action for the wrongful death of her husband appeals from the overruling of her motions for a new trial and judgment n.o.v.  The jury returned a verdict for both defendants.

1. At the time plaintiff's husband was shot, defendant Craig was night attendant at one of defendant Hess Oil's service stations outside Lawrenceville.  At the trial, Craig testified that the deceased Nash had first come to the station at about 1 a.m. and that he believed there was "something strangely wrong with the man" because of his conversation.  Craig said Nash had asked for a package of cigarettes and became very abusive when the brand offered did not suit him.  Craig then asked him to leave, but when he made no move to go, Craig, fearing for his physical safety, removed his pistol from a drawer and placed it in plain sight.  Craig said that as soon as Nash walked away he called the police and reported the incident.  Craig further testified that about a half-hour later Nash drove up and started coming into the building; that he again ordered him to leave; that Nash kept advancing; and that in fear of his physical safety he shot, intending only to wound.  There were several other witnesses who had seen Nash that evening and who testified to his strange behavior.  While there was no testimony contradicting Craig's version of the first visit to the station, both plaintiff and her 14-year-old son testified that they were present at the second visit; that Nash had walked peacefully into the station intending to pay for the earlier pack of cigarettes; and that Craig shot him out of hand and without any provocation.  The evidence, while in conflict, is sufficient to support the verdict.

2. The plaintiff contends that during the trial defendants were allowed to convey the information to the jury that Craig had been tried for Nash's murder and acquitted.  Several of plaintiff's enumerations of error deal with this issue, claiming the information to be so highly prejudicial that a new trial is necessary.

Early in the trial, the deposition of one of plaintiff's witnesses was read.  On cross examination, the question had been asked whether this witness had testified in the Craig murder trial

in Gwinnett County on March 15, 1966. Plaintiff's counsel objected to the reading of this question as it contained language that was prejudicial. Defendant's counsel submitted there was nothing wrong with the question and that it was required by law. The trial judge replied, "Yes, you've got a right to ask it." The question was read and plaintiff's counsel renewed his objection.

Later during the trial, defendant asked to read a certain interrogatory and answer which plaintiff's counsel had not read earlier under a ruling of the trial court that he could not be required to do so. Plaintiff objected that the ruling prohibited interjection of such matters into the case in any form. The trial judge read the question and answer and then after some further colloquy allowed defendant to read it into evidence. Part of the answer ran as follows: "Mr. Craig was incarcerated in jail from March 6, 1966, until March 15, 1966, when he was tried for murder and acquitted. When he was released from custody, the job for which he applied was no longer available." Plaintiff's counsel again objected that what transpired in the murder trial would be absolutely inadmissible here. The judge agreed and said he would strike the word "acquitted."

During defendant's final argument to the jury, plaintiff interrupted to object to a statement, the gist of which was that Craig's presence in the courtroom was proof that the people of Lawrenceville believed his version. Plaintiff said the statement was contrary to the court's previous ruling on the inadmissibility of the results of the criminal trial. The trial judge replied: "I'll give him the same right I accorded you. You can make your own arguments, you can draw inferences, and—your own ideas, from the evidence that's involved. The jury will, in the final analysis, make its own mind up about the matter. I think you have a right to draw inferences and your own deductions." The argument was resumed with no further words recorded.

At the request of the plaintiff, the judge charged the jury, that "you are not concerned with and cannot consider, in returning your verdict in this case, the result of the trial of Clarence William Craig for murder in the case of The State v. Clarence Wm. Craig in the Superior Court of Gwinnett County, at Lawrenceville, Georgia."

Viewing any one of these specific instances standing alone, we can assume, without deciding, that the trial judge did not abuse his discretion. However, we believe that when viewed in their totality, the cumulative effect is one which in reality destroys the well established rule that the result of a criminal trial is inadmissible evidence in a civil action. *Cottingham v. Weekes,* 54 Ga. 275; *Webb v. McDaniel,* 218 Ga. 366 (127 SE2d 900); *Padgett v. Williams,* 82 Ga. App. 509 (61 SE2d 676).

The trial court erred in denying the plaintiff a new trial.

3. Plaintiff enumerates as error the charge of the court that "before the plaintiff is entitled to recover any amount of damages therein, she must prove to your satisfaction by a preponderance of the evidence, that the shooting of S. Jack Nash was without justification under the law of the State of Georgia." She contends that the burden was on the defendant to prove the killing was justifiable. We disagree. The petition charges that the defendant did the act "wilfully and deliberately." The defendants' answers denied the allegation, and no plea of justification was filed. See *Berkner v. Dannenberg,* 116 Ga. 954 (4) (43 SE 463, 60 LRA 559). See also *Code Ann.* § 81A-108 (c)—justification is not included in the list of affirmative defenses. The trial court did not err in its charge. The burden was upon the plaintiff to prove the shooting was unprovoked as alleged in the petition. *Hanna v. Estridge,* 59 Ga. App. 182 (200 SE 174); *Smith v. Cole,* 96 Ga. App. 300 (99 SE2d 907); *Turner v. Maryland Cas. Co.,* 104 Ga. App. 693 (122 SE2d 479).

4. The remaining enumerations of error are either without merit or are not likely to occur on another trial.

*Judgment reversed. Jordan, P. J., and Whitman, J., concur.*

ARGUED SEPTEMBER 9, 1969—DECIDED FEBRUARY 4, 1970—
REHEARING DENIED APRIL 1, 1970—

G. *Seals Aiken, John L. Respess, Jr.,* for appellant.

*Greene, Buckley, DeRieux & Jones, Burt DeRieux, James A. Eichelberger,* for appellees.