## DICKEY *v.* THE STATE.

Even if it be competent for a court having jurisdiction to try criminal cases, upon the consent of a person who is accused by two separate indictments of two several misdemeanors, to permit the trial by the same jury at the same time of the issue formed upon each of such indictments and the return upon each indictment of a separate verdict, yet, inasmuch as after the rendition of such verdicts the findings of the jury can not be carried into effect except by the execution of separate judgments, any motion to set aside either of such verdicts must necessarily be independent of the other; and there being no authority of law for excepting in the same motion for a new trial to the rendition of two verdicts so returned upon the trial of two separate criminal cases, this court has no jurisdiction of a writ of error which seeks to review a judgment overruling such a motion for a new trial.

Argued June 7, — Decided June 16, 1897.

Practice in Supreme Court.

*Maddox & Terrell*, for plaintiff in error.

*J. F. O'Neill, solicitor*, contra.

LITTLE, J.   Dickey was charged by two separate accusations with the offenses, respectively, of assault and battery, and of carrying a concealed weapon.   It appears that by consent the two cases were tried together before the same jury, at the same time, upon the issue formed upon each of such accusations. He was found guilty under each accusation, and a separate verdict rendered upon each charge, upon which separate judgments were also pronounced.   Defendant then made a single motion for a new trial, praying that the verdict and judgment in each be set aside, which motion was overruled; whereupon the defendant excepted and sued out a writ of error to this court.

Whether or not, where a person is charged by two separate indictments or accusations with the commission of two several misdemeanors, it is competent for a court having jurisdiction to try such cases, to permit, even with the consent of the person accused, the trial by the same jury, at the same time, of the issue formed upon each of such indictments or accusations and a return upon each of a separate verdict, is a question which is not made or presented by this record for our determination; and therefore we express no opinion whatever with respect thereto.

We have been unable to consider the case presented upon its merits, by reason of a lack of jurisdiction in this court to entertain the writ of error. In the present case separate verdicts were rendered, and necessarily separate judgments pronounced thereon in order that the findings of the jury might be carried into effect. The trial under each accusation was a separate and distinct prosecution; the verdict and judgment rendered in the one were entirely separate and independent of those rendered in the other; in a word, although between the same parties, they were different cases; and while in a certain class of civil suits the law authorizes a consolidation thereof ( Civil Code, §§ 4846, 4943 ), there is no authority of law for excepting in the same motion for a new trial to the rendition of two verdicts upon the trial of two separate criminal cases. On the contrary, to the setting aside of either of such verdicts, separate and independent motions are requisite. In the case of *Western Assurance Co.* v. *Way,* 98 *Ga.* 746, where the same plaintiff had two actions against different defendants, pending in the same court, the evidence in each so nearly identical as to render it practicable to try both cases together, and they were accordingly, with consent of counsel, consolidated, and the jury rendered a separate verdict against each of the defendants, and the court rendered a single judgment overruling motions for new trials made by each of the defendants, after having first passed an order consolidating such motions, this court ruled that such judgment was in effect the equivalent of two separate judgments overruling respectively the two motions; that while in such case both of the defendants undoubt-

edly had the several right of exception, thus consolidating and passing upon the two separate motions did not authorize the defendants to unite in one bill of exceptions, though they undertook therein to except "jointly and severally" to the judgment rendered; further holding that there was no law authorizing such a practice, nor conferring jurisdiction upon this court to entertain such a writ of error, citing *Bones* v. *Nat. Bank*, 67 *Ga.* 339, and *Pupke* v. *Meador*, 72 *Ga.* 230. This ruling we hold applicable to all criminal cases, and also all civil çases, except such of the latter as may by law be consolidated and result in one general verdict and judgment. It follows that this court has no jurisdiction of the writ of error sued out in the present case, and the same is therefore

> *Dismissed. All the Justices concurring.*