## 10710. DAVIS v. THE STATE.

A conviction of robbery was unauthorized by the evidence.

DECIDED NOVEMBER 4, 1919.

Indictment for robbery; from Chatham superior court—Judge Meldrim. June 9, 1919

The indictment charged that the robbery was committed by making an assault on Louise Sunday and taking her pocket-book from her by force and intimidation and without her consent. She testified that she went to a certain store and had on a large coat with a long sleeve, and in the right hand pocket of the coat had her purse with her hand over it, holding it; that she was looking around at things in the store, and had an article in her hand, and felt something in her sleeve, and "thought it was the coat sleeve that was so long," and raised her hand up out of the pocket, where the purse was, to fix the sleeve, and as she put her hand back in her coat-pocket her pocket-book was gone; that at the same moment she turned around and saw two colored women standing behind her, and as she turned they told her that two boys had stolen her pocket-book; she saw the two boys running and "took after them;" she discovered that the pocket-book was gone when the colored women told her about it. It was testified that the defendant, when arrested, said that a certain other man snatched the pocket-book and gave it to him.

*Shelby Myrick,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

LUKE, J. The defendant was convicted of the offense of robbery. The evidence failed to show that any force or intimidation was used, or that there was a sudden snatching, taking, or carrying away, such as as is defined to be robbery. Penal Code (1910), § 148; *Williams* v. *State,* 9 *Ga. App.* 170 (70 S. E. 890). His conviction of the offense of robbery was unauthorized by the evidence. A conviction of larceny from the person would have been authorized if he had been indicted for that offense. For the reason that the evidence did not authorize his conviction, his motion for a new trial, upon the general grounds, must be granted.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*