19159, 19160.   SMITH *v.* THE STATE (two cases).

DECIDED NOVEMBER 14, 1928.

*C. S. Claxton, J. E. Cook,* for plaintiffs in error.

LUKE, J.   Lonnie Smith, Arthur Smith, and Tom Cobb were jointly charged with the larceny of "150 pounds of hog meat, consisting of two shoulders and eight hams of the value of $50."   The meat was alleged to have been taken on May 1, 1928, and to have been the property of G. J. Watkins.   Lonnie Smith and Arthur Smith each elected to sever, and each was tried and convicted.

Each filed a motion for a new trial, based solely upon the general grounds, and the trial judge overruled both motions.

The substance of the evidence follows: On the night of May 1, 1928, the meat described in the accusation was taken from the smoke-house of G. T. Watkins. On the same night, at 11.10 o'clock, the three accused parties were seen by George Webb passing his house. They were coming from the direction of the Watkins place and going in the direction of the Fountain barn, which was about a mile from the Watkins place. Arthur and Tom were each carrying something in an old sack. On May 2 Watkins saw the fresh tracks of three persons in the road near his house and smoke-house. There was nothing unusual about the tracks of two of the persons, but one footprint of the third person was made by a left shoe without a heel. In the Lonnie Smith case, which was tried first, George Webb testified: "I did not know what was in the sacks. All I know is that I saw them go by with sacks on their shoulders." In the Arthur Smith case Webb testified: "The sacks had something in them, I could not say just what, but I judge it was meat. It looked like meat, and I thought then it was meat." On May 2 Watkins procured a search warrant and searched the house of the widow Cobb, where the defendants lived, and had them arrested. One of the shoes worn by Smith had no left heel, and the other was worn on the right heel. The only meat found was some fried ham, which Watkins thought was his meat, because "it smelled like it." On May 3 the tracks of these three persons were followed by Watkins and others from near his house, through a field by J. W. Smith's house, on out to the public road; thence by the house of George Webb and thence across Fountain's field to his barn. No real search of the barn was made, but "one of the party went in and looked around, but did not find anything." On May 13 a few pieces of the missing meat, recognized by certain marks on it, were found in Fountain's barn, in a sack. There is evidence that all three of the accused parties were seen leaving Adrian at about nine o'clock on the night of May 1, going in the direction of Watkins' place, as well as in the direction of several other places at the same time. Adrian is about two miles from the Watkins place, and about five eighths of a mile from the home of the widow Cobb. There is some other evidence, which throws little or no light on the transaction involved. Lonnie Smith's

shoes were not in evidence, and they were never actually fitted into any of the tracks found. The record is very meagre as to the barn where the meat was found. Apparently it belonged to Mr. Fountain, was on his place, and was some distance from where the accused persons lived.

We are always reluctant to interfere with the verdicts of juries, but a careful study of the records in the two cases at bar leads us to conclude that in neither case is the defendant's guilt proved as the law requires. Penal Code (1910), § 1010, reads: "To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." The court erred in overruling the motion for a new trial in each case under consideration.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*