### 21611. JOHNSON *v.* THE STATE.

DECIDED NOVEMBER 10, 1931.

*B. H. Burgess, F. Joe Turner Jr.,* for plaintiff in error.
*Claude C. Smith, solicitor-general,* contra.

LUKE, J. Paul Johnson, having been convicted of the offense of robbery, made a motion for a new trial, which was overruled, and he excepted.

The indictment charged Collis Hill and Paul Johnson with robbing J. C. Florence of $10.50. The evidence of Florence shows: that Johnson and Florence were first together at Florence's filling station, about ten o'clock at night; that Florence closed the filling station and he and Johnson went in a drug-store next door and listened to the radio for 15 or 20 minutes; that when Florence got ready to go home he said to Johnson "Let's hit it," and they started home together; that Florence selected his own route to go home; that on the way home the robber "came between us, and about that time he pulled us around and said, 'Where you started?' and I said 'I have started home;' and about that time Johnson began to holler 'Don't shoot.' . . I do not know why he was trying to attract attention if he was trying to cover up this robbery;" that at this time the robbery took place, and after the robbery the robber told them to "beat it back up the street," which they did. Florence testified positively that "Mr. Hill was the man who held me up," but there is no evidence to show that Johnson participated in the actual perpetration of the crime or that he aided or abetted Hill in any way. It can not be reasonably contended that Johnson steered Florence to the place of the robbery, because the evidence shows that Florence was the one who told Johnson "Let's hit it," when they left the drug store for home, and that Florence selected his own route in going home. While the robbery was taking place Johnson was hollering "Don't shoot," so loud that it was calculated to attract attention, and this was entirely inconsistent with his alleged participation in the crime. There was nothing to show that Johnson received any of the proceeds of the robbery. It is true that if Hill and Johnson were conspirators, the acts of Hill in furtherance of the conspiracy would be the acts of Johnson, but there is no direct proof of a conspiracy between the two, or of acts and conduct that would show a conspiracy. At best the evidence merely raises a suspicion of guilt as to Johnson, and this is not sufficient to authorize his conviction. *Smith* v. *State*, 38 *Ga. App.* 741 (145 S. E. 500); *Coker* v. *State*, 42 *Ga. App.* 385 (156 S. E. 299). The evidence being insufficient to establish beyond a reasonable doubt that Johnson participated, aided, or abetted in the commission of the crime, the verdict of guilty as to him can not be lawfully upheld, and the court erred in overruling his motion for a new trial. See *Glover* v. *State*, 114 *Ga.* 828 (40 S. E. 998). *Judgment reversed.* *Broyles, C. J., and Bloodworth, J., concur.*