## 22110. BONNER v. THE STATE.

DECIDED APRIL 30, 1932.

*Joel Cloud, Hamilton McWhorter,* for plaintiff in error.

*A. S. Skelton, solicitor-general,* contra.

LUKE, J. Ed Lee Bonner was convicted of manufacturing intoxicating liquors, and he excepts to the overruling of his motion for a new trial.

No witness swore that he saw the defendant making liquor, or at the still, or that the liquor was on land owned, rented, or controlled by the defendant, and the nearest that any witness put the distillery to the defendant's home was 500 or 600 yards, and one witness for the defendant testified: "I stepped it to be 1128 steps as straight as I could go through the bushes. Down where this still was found a negro lives working for Mr. Smith, and I suppose it was about the same distance from the still to his house as it was to Mr. Bonner's [the defendant]. Mr. Sam Chafin lives in there too." Without regard to the evidence introduced by the defendant, the following extracts from the testimony of the State's witnesses put it within the realm of reason for someone other than the defendant to have made the liquor, and prevent a proper conclusion of guilt to the exclusion of every other reasonable hypothesis than that of the guilt of the accused: "He [defendant] has just got the house rented. I don't think he has got any land rented, but he has just got the house rented. . . The distillery was between five and six hundred yards, or something like that, from the house occupied by Ed Lee Bonner. . . I walked back to the house and I heard somebody talking, and Preacher Bonner [not the defendant] and Ed Roberts was hiding some liquor there, and I squatted down in the bushes, and I caught one and the other run off, and Mr. Doyal caught him. The sheriff and Mr. James was back to our right, and Preacher run right into him and they joined in the race. Eddie Lee Bonner [defendant] wasn't at the house. . . I saw Peter Roberts, Preacher Bonner, and Dee

Roberts hiding liquor. . . I never stopped or measured the distance from the house where the still was. When I said 500 yards I· was guessing at it, but it was half way between his [defendant's] house and Sam Chafin's. . . I saw them when they went to hide the liquor, but this boy Eddie Lee Bonner [defendant] wasn't there at all. . . Roberts and Preacher were the ones that placed the liquor there. This defendant wasn't at the still. . . This defendant when I arrested him made no effort to run. . . I couldn't tell how far the distillery was from the house occupied by Eddie Lee, but it is five or six hundred yards, I guess. . . It is my understanding that Eddie was just living in the house on the place, and had *nothing to do with the plantation.* . . Eddie Lee Bonner *wasn't at the still."* (Italics ours.) There was evidence pointing to the guilt of the accused; but from the foregoing evidence for the State it appears that the defendant was not at the house, or at the still; that he made no attempt to escape when the officers arrested him; that the distillery was not on his land; that it was as close to other houses as to defendant's; that no witness saw the defendant do a single act towards making liquor; and that it was not unreasonable, under the evidence, to conclude that others operated the still. The evidence raises a grave suspicion against the defendant, but it does not exclude every reasonable hypothesis save that of his guilt; and the court erred in overruling his motion for a new trial. *Coker* v. *State,* 42 *Ga. App.* 385 (156 S. E. 299); *Smith* v. *State,* 38 *Ga. App.* 741 (145 S. E. 500). *Judgment reversed. Broyles, C. J., and Jenkins, P. J., concur.*