

*H. L. Buffington, Watkins Edwards, Howell Brooke,* for plaintiff in error.

*James T. Manning, Solicitor-General,* contra.

### 32377. HOLTZENDORF *v.* THE STATE.

TOWNSEND, J. 1. There is no authority of law for excepting in the same petition for writ of certiorari to the rendition of two separate verdicts and two separate judgments based thereon, notwithstanding the fact that said verdicts and judgments are based on two separate accusations charging separate misdemeanors which were by agreement tried together before the same jury. In order to set aside either of such verdicts and judgments, the complaining party must proceed separately as to each. See *Fillingame* v. *State,* 27 *Ga. App.* 764 (109 S. E. 916); *Bridges* v. *State,* 27 *Ga. App.* 767 (110 S. E. 412); *Dickey* v. *State,* 101 *Ga.* 572 (28 S. E. 980); *Hornsby* v. *State,* 44 *Ga. App.* 788 (163 S. E. 516).

2. By two separate accusations the defendant was accused of two separate misdemeanors. By agreement the cases were tried together. The jury returned two separate verdicts of guilty and the court imposed two

separate sentences. The defendant filed one petition for writ of certiorari in the superior court, complaining of these two verdicts and judgments. The judge overruled the certiorari and this judgment is assigned as error.

It follows that this court has no jurisdiction of the writ of error sued out in the instant case, and the same is therefore

*Dismissed. MacIntyre, P. J., and Gardner, J., concur.*

DECIDED MARCH 18, 1949.

*Harris, Henson & Spence,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, R. M. George, William Hall,* contra.