### 33609, 33610. JOHNSON v. THE STATE.

GARDNER, J. The defendant was indicted for two separate offenses, assault with intent to murder, and illegally carrying a pistol without a license. By agreement, the two cases were tried together and separate verdicts of guilty returned by the jury on each indictment, and a separate sentence imposed by the court on each verdict. One motion for a new trial was filed as to both verdicts and judgments. Thereafter the defendant assigns error here on the overruling of his motion for a new trial on each judgment separately. The State makes a motion to dismiss each bill of exceptions on the ground that this court is without jurisdiction to entertain bills of exceptions because the law requires that in such a situation the defendant is required to file a separate motion for a new trial in each case. The State relies upon

the following decisions as authority to sustain its motion: *Holtzendorf* v. *State,* 78 *Ga. App.* 801 (52 S. E. 2d, 624); *Dickey* v. *State,* 101 *Ga.* 572 (28 S. E. 980); *Hornsby* v. *State,* 44 *Ga. App.* 788 (163 S. E. 516); *Garner* v. *State,* 50 *Ga. App.* 72 (176 S. E. 884); *Jones* v. *State,* 38 *Ga. App.* 453 (144 S. E. 145); *Bridges* v. *State,* 27 *Ga. App.* 767 (110 S. E. 412); *Fillingame* v. *State,* 27 *Ga. App.* 764 (109 S. E. 916); *Paschal* v. *Morgan,* 19 *Ga. App.* 245 (91 S. E. 285); *Ambos* v. *Chastain,* 75 *Ga. App.* 393 (54 S. E. 2d, 592).

We have examined these authorities carefully and find that *Holtzendorf* v. *State,* supra, is not important here because no motion for a new trial was involved. In *Hornsby* v. *State,* supra, it appears that there was but one bill of exceptions. That case is thus distinguished from the present case. Likewise in *Garner* v. *State,* supra, and *Jones* v. *State,* supra, the opinions seem to be based upon the proposition that there was but one bill of exceptions. We find that in *Bridges* v. *State,* *Fillingame* v. *State,* and *Dickey* v. *State,* supra, it is definitely held that in such a situation as here, a separate motion for new trial is required in each case. It is true that in the last three cases mentioned there was only one bill of exceptions, but it would seem that the Supreme Court in the *Dickey* case definitely ruled on page 573: "There is no authority of law for excepting in the same motion for a new trial to the rendition of two verdicts upon the trial of two separate criminal cases. On the contrary, to the setting aside of either of such verdicts, separate and independent motions are requisite." The *Bridges* and the *Fillingame* cases each held to the same effect.

In view of these authorities to the effect that a separate motion for a new trial is required to be filed in each case, the contention of counsel for the defendant that these cases should not be dismissed because there are separate bills of exceptions in each, is not tenable. Accordingly, the bills must be

*Dismissed. MacIntyre, P.J., and Townsend, J., concur.*

Decided July 5, 1951.

*Lipshutz, Macey & Franklin,* for plaintiff in error.

*Paul Webb, Solicitor-General, Guerry R. Thornton, Charlie O. Murphy,* contra.