## 40587. FAIR v. THE STATE.

NICHOLS, Presiding Judge. The defendant was indicted under two indictments, one charging him with manufacturing liquor and the other with possessing nontax-paid liquor. The cases were consolidated for the purpose of trial and after separate verdicts of guilty were rendered the defendant filed a single motion for new trial which was overruled, and he now seeks, by one bill of exceptions, to have both convictions set aside. *Held:*

Under the decisions of this court in *Roberts v. State,* 103 Ga. App. 355 (120 SE2d 164), and *Dempsey v. State,* 103 Ga. App. 354 (119 SE2d 298), and the cases there cited, this court is without jurisdiction to entertain the writ of error.

*Writ of error dismissed. Russell, J., concurs. Hall, J., concurs specially.*

DECIDED MAY 6, 1964—REHEARING DENIED MAY 21, 1964.

*Oliver, Oliver & Gunter, Jack N. Gunter,* for plaintiff in error.

HALL, Judge, concurring specially. I reluctantly concur with the result reached in this case and in the *Roberts* and *Dempsey* cases, the reason being that the result is controlled by the decision of the Supreme Court of Georgia in *Wilson v. State,* 215 Ga. 775 (113 SE2d 607).

I disagree with the statement of this court in the *Dempsey* case ". . . that there is no authority of law for the defendant to bring both cases to the reviewing court by one bill of exceptions. . ." Ga. L. 1957, pp. 224, 234 *(Code Ann.* § 6-919) allows joint motions for new trial and joint bills of exception in those instances where two cases were consolidated for purposes of trial. "This authorizes a procedure which upon numerous occasions has been refused by decision of this court and of the Supreme Court. Its beneficent purpose must not be negated by the application of obsolescent decisions." *Life Ins. Co. of Ga. v. Blanton,* 109 Ga. App. 116, 118 (135 SE2d 437); *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193). A distinguished member of the bar, Charles J. Bloch, in an article on the 1957 law, stated "In these 1957 amendments to the rules of practice and procedure, the bar of Georgia, with the cooperation of a com-

mittee from the Supreme Court, are endeavoring, once more, to rid appellate practice of meaningless technicalities. We fervently hope that they will be construed in the spirit which they have been offered, that being 'the letter killeth, but the spirit giveth life.'" 19 Ga. Bar J. 395, 412.

The 1957 Act is similar in nature to Ga. L. 1953, Nov. Sess., p. 440, in that both relate to the quasi-rule-making power of the Supreme Court of Georgia under Ga. L. 1945, p. 145. The 1953 law authorizes the use of a motion for a judgment notwithstanding the verdict. However, the Supreme Court held in *Wilson v. State*, 215 Ga. 775, supra, that, "This rule, adopted by this court, and approved by the General Assembly in 1953 . . ., relates solely to pleading, procedure, and practice in *the trial of civil actions.* . . The Act of 1945 . . . vesting in the Supreme Court the power to prescribe rules of procedure and practice when ratified by the General Assembly, did not authorize the court to prescribe rules of procedure, pleading, and practice in *the trial of criminal cases.*" (Emphasis supplied). The 1945 Act restricted the prescribing of practice and procedure rules for criminal cases to those "for appeal or review." If a motion for judgment notwithstanding the verdict involved trial rather than appellate procedure, it is axiomatic that the same would have to be said of a motion for new trial. Therefore, the 1957 Act, while authorizing joint bills of exceptions (appeal or review) in civil or criminal cases, is restricted in its authorization of a joint motion for new trial to the trial of civil cases. Some may say this is both illogical and unreasonable. With such sentiments I am in wholehearted agreement, but the remedy lies with the Supreme Court and the General Assembly.