### 22582. FAIR v. THE STATE.

MOBLEY, Justice. Certiorari was granted to review the judgment in *Fair v. State*, 109 Ga. App. 746 (137 SE2d 378),

which held that where a single criminal defendant was indicted under two indictments and the cases were consolidated for trial and separate verdicts of guilty were rendered and a single motion for new trial was filed and overruled, whereupon defendant sought to have both convictions set aside by one bill of exceptions, the Court of Appeals is without jurisdiction to entertain the writ of error. *Roberts v. State,* 103 Ga. App. 355 (120 SE2d 164), and *Dempsey v. State,* 103 Ga. App. 354 (119 SE2d 298) (certiorari denied September term, 1961), and cases cited therein, were cited as authority for the rule, made by those decisions on similar facts, "that there is no authority of law for the defendant to bring both cases to the reviewing court by one bill of exceptions, and this court has no jurisdiction to entertain the writ of error." *Dempsey v. State,* supra. *Held:*

1. The precise question here is whether the Court of Appeals was correct in holding that it was without jurisdiction to entertain the writ of error because "there is no authority of law for the defendant to bring both cases to the reviewing court by one bill of exceptions." Georgia Laws 1957, pp. 224, 234, (*Code Ann.* § 6-919) provides: "Whenever two or more persons are defendants or plaintiffs in an action and a judgment, verdict, or decree has been rendered against each of them, jointly or severally, said plaintiffs or defendants, as the case may be, shall be entitled to file joint bills of exceptions . . . without regard to whether such parties have a joint interest, or whether the cases were merely consolidated for purposes of trial."

This clearly authorizes joint bills of exceptions where cases of two or more persons have been tried jointly. But does the statute authorize one person to come to the reviewing court by joint bills of exceptions where he had two indictments against him which were tried together, separate judgments were rendered, and a joint motion for new trial filed and overruled? The intent of this court in formulating the rule, which was submitted to the General Assembly and approved by that body under authority of *Code* § 81-1502, was to allow joint bills of exceptions in those instances where two cases were consolidated for purposes of trial. The number of persons involved was not of primary importance, whether one or more than one, for the evil sought to be corrected was requiring separate bills of exceptions where two or more cases were

consolidated for trial. The use of the language, "two or more persons," could have been used to make certain and positive that it would include those cases, but certainly the purpose was not to limit the application only to those cases where two or more persons were involved. Furthermore, the greater "two or more" would include the lesser—"one." In any event, the intent of this court in formulating the rule was to authorize the use of joint bills of exceptions where two or more cases were consolidated for trial, whether of one person or of two or more.

The Court of Appeals was in error in holding that it was without jurisdiction to entertain the writ of error.

*Judgment reversed. All the Justices concur, except Almand and Quillian, JJ., who dissent.*

SUBMITTED SEPTEMBER 14, 1964—DECIDED OCTOBER 13, 1964.

*Oliver, Oliver & Gunter, Jack N. Gunter,* for plaintiff in error.

ALMAND, Justice, dissenting. I cannot agree to the conclusion of the majority that the rule of practice provided in the Act of 1957 (Ga. L. 1957, pp. 224, 234; *Code Ann.* § 6-919) that permits *two or more persons* who are defendants or plaintiffs in an action to file joint bills of exceptions by judicial construction permits a single defendant in a criminal case to file a single bill of exceptions to two separate convictions. The 1957 rule relates only to situations where there are two or more plaintiffs or defendants in one action and does not relate to situations where there is one person who is a party to two different actions. This court in *Dickey v. State,* 101 Ga. 572 (28 SE 980) (a full-bench decision) held that there was no authority of law for a single defendant to file one bill of exceptions to review his convictions on two separate accusations. The Court of Appeals in *Dempsey v. State,* 103 Ga. App. 354 (119 SE2d 298) followed this case and this court denied an application for certiorari. (See 103 Ga. App. 893). The 1957 rule in no way alters the decision in *Dickey v. State,* 101 Ga. 572, supra.

It also seems that Section 5 of the 1957 rule (Ga. L. 1957, p. 234; *Code Ann.* § 6-919) applies only to civil actions in that the rule refers to "motions in arrest, motions to set aside, and

motions for judgment notwithstanding the verdict" and consolidation of cases, and these generally have application only to civil cases.

Though it may be an anomaly that two or more parties in an action can file a joint bill of exceptions, but one defendant in two separate criminal cases cannot file one bill of exceptions assigning error on convictions in two separate cases, the correction of this defect is for the legislature and not for this court.