## 40587. FAIR v. THE STATE.

NICHOLS, Presiding Judge. 1. The judgment of this court (*Fair v. State*, 109 Ga. App. 746, 137 SE2d 378), dismissing the writ of error, having been reversed by the Supreme Court of Georgia (*Fair v. State*, 220 Ga. 326, 138 SE2d 653), the judgment of this court is vacated.

2. In *Wilson v. State*, 215 Ga. 775 (113 SE2d 607), the Supreme Court held: "The Act of 1945 (Ga. L. 1945, p. 145; *Code Ann.* § 81-1501), vesting in the Supreme Court the power to prescribe rules of procedure and practice when ratified by the General Assembly, did not authorize the court to prescribe rules of procedure, pleadings and practice in the trial of criminal cases." In that case it was held that there was no authority for the trial court to entertain a motion for a judgment notwithstanding a verdict in a criminal case. And there is no authority for the filing of a single motion for new trial complaining of multiple convictions under several indictments by the same jury (see *Dickey v. State*, 101 Ga. 572, 28 SE 980), although a single bill of exceptions may be filed to the overruling of separate motions for new trial in such cases under the ruling of the Supreme Court in this case. The motion for new trial should have been dismissed. "Since the court was without jurisdiction to entertain the motion for new trial and should have dismissed it, the order overruling it was not harmful to the movant and therefore was not error." *Johnson v. Housing Authority of the City of Marietta*, 106 Ga. App. 739 (128 SE2d 379).

*Judgment affirmed. Hall and Russell, JJ., concur.*

DECIDED NOVEMBER 4, 1964—REHEARING DENIED NOVEMBER 17, 1964.

*Oliver, Oliver & Gunter, Jack N. Gunter,* for plaintiff in error.