22813.   FAIR v. THE STATE.
22816.   PICKENS v. THE STATE.

SUBMITTED FEBRUARY 8, 1965—DECIDED MARCH 16, 1965.

*Jack N. Gunter,* for Fair.
*Johnson & Johnson, Jean E. Johnson, Sr.,* for Pickens.
*George D. Lawrence, Ben F. Carr, Herbert B. Kimzey, Solicitors General,* contra.

GRICE, Justice. The question here is whether one person may file one motion for new trial complaining of multiple convictions in criminal cases tried together.

That question reached us by grant of certiorari to review the holdings in the companion cases of *Fair v. State,* 110 Ga. App. 643 (139 SE2d 411) and *Pickens v. State,* 110 Ga. App. 643 (139 SE2d 412), that such motions are not authorized and should have been dismissed by the trial court.

For the right to file such motions, the defendant in each case relied upon Ga. L. 1957, pp. 224, 234 (*Code Ann.* § 70-313) which provides as follows: "Whenever two or more persons are defendants or plaintiffs in an action and a judgment, verdict, or decree has been rendered against each of them, jointly or severally, said plaintiffs or defendants, as the case may be, shall be entitled to file *joint* bills of exceptions, motions for new trial, motions in arrest, motions to set aside, and motions for judgment notwithstanding the verdict, without regard to whether such parties have a joint interest or whether the cases were merely consolidated for purposes of trial." (Emphasis ours.) This legislation was by Resolution of the General Assembly ratifying and confirming certain rules which this court had prescribed under authority given by Georgia Laws 1945, p. 145.

For its holdings that such joint motions for new trial are not authorized, the Court of Appeals relied upon the decisions of this court in *Dickey v. State,* 101 Ga. 572 (28 SE 980) and *Wilson v. State,* 215 Ga. 775 (113 SE2d 607).

The *Dickey* case held that ". . . there is no authority of law for excepting in the same motion for a new trial to the rendition of two verdicts upon the trial of two separate criminal cases."

That holding is still the law in this State *unless* Ga. L. 1957, pp. 224, 234, supra, has changed it. The Court of Appeals construed the *Wilson* case to require the holding that this 1957 legislation did not do so.

In the *Wilson* case, 215 Ga. 775, supra, the question was whether, in a criminal case, the trial court may entertain a motion for judgment of not guilty notwithstanding the verdict of guilty. This court held that 1953 legislation (Ga. L. 1953, Nov. Sess., pp. 440, 444), providing for the entering of a judgment notwithstanding the verdict, related solely to civil cases; and that Ga. L. 1945, p. 145, under authority of which the 1953 legislation, like the 1957 legislation involved in the instant cases, was adopted, "did not authorize the court to prescribe rules of procedure, pleading and practice in the trial of criminal cases."

We have re-examined the *Wilson* case and find it no bar to our holding that Ga. L. 1957, pp. 224, 234, supra, did change

the rule of the *Dickey* case so as to permit joint motions for new trials in criminal cases tried together.

The 1945 Act, under authority of which the 1953 legislation involved in the *Wilson* case and the 1957 legislation involved here were adopted, empowered this court to prescribe ". . . rules of procedure and pleading and practice in civil actions and civil proceedings of all kinds in the Courts of this State, and of practice and procedure for appeal or review in all cases, civil and criminal, to or from any of the Courts or Tribunals of this State," and provided for such rules to become effective upon ratification and confirmation by an Act or Resolution of the General Assembly. Ga. L. 1945, pp. 145, 146.

Whether or not this empowering language encompassed rules as to motions for judgment notwithstanding the verdict in criminal cases, as dealt with in the *Wilson* case, supra, we believe that such language did authorize this court to prescribe rules as to motions for new trial in criminal or civil cases. The purpose of motions for new trial is to obtain re-examination, or review, by trial courts of their own rulings. We believe they come within the language of the 1945 Act, ". . . rules . . . of the practice and procedure for appeal or *review* in all cases, civil and criminal, to or from any of the Courts . . . of this State." (Emphasis ours.) This language does not limit the rule making authorization to "appeal or review" to appellate courts, but specifically states "to or from *any* of the Courts . . . of this State." (Emphasis ours.)

Furthermore, even if the 1945 Act did not give this court authority to prescribe rules as to motions for new trial in criminal cases, such lack of authorization to the court would not invalidate a law subsequently enacted by the General Assembly. Ga. L. 1957, p. 224, was by a Resolution which received the constitutional majority of votes necessary for passage of bills and was duly approved by the Governor. Therefore, regardless of the authority or lack of authority of the court to prescribe the rule, Ga. L. 1957, pp. 224, 234, supra, providing for joint motions for new trial and making no distinction between civil and criminal cases, is law. See *Central of Ga. R. Co. v. State,* 104 Ga. 831 (2) (31 SE 531, 42 LRA 518).

Instead of *Wilson v. State,* 215 Ga. 775, supra, we deem *Fair v. State,* 220 Ga. 326 (138 SE2d 653) (two Justices dissenting), which was a prior appearance of the instant case, to be applicable here. In the *Fair* case we construed the same rule now in question to authorize a joint bill of exceptions by one person where two indictments against him were tried, separate judgments rendered, and a joint motion for new trial filed and overruled (no question being made in that appearance as to the validity of the joint motion for new trial). We think the construction given there as to joint bills of exceptions, towit, that the intent of the rule was to allow them where two cases were consolidated for purposes of trial, applies here as to joint motions for new trial.

That construction is in keeping with the purpose of the 1945 empowering Act (Ga. L. 1945, p. 145, supra), as stated in its caption: "An Act to provide for the making of Procedure and Practice in the Courts of this State simpler and more expeditious, and make litigation less expensive and cumbersome . . ."

*Judgment reversed. All the Justices concur, except Almand, J., who dissents.*