## 40587. FAIR v. THE STATE.

NICHOLS, Presiding Judge. ■ The judgment of this court (*Fair v. State*, 110 Ga. App. 643, 139 SE2d 411), holding that the trial court was without jurisdiction to consider the defendant's motion for new trial, having been reversed by the Supreme Court of Georgia (*Fair v. State*, 220 Ga. 750, 141 SE2d 431), the judgment of this court is vacated.

■ The defendant was charged in separate indictments with manufacturing and possessing nontax-paid whiskey. After his conviction on both indictments he filed a single motion for new trial which was overruled and error is assigned on such adverse judgment. The evidence upon the trial of the case showed that the defendant was present at the distillery where liquor was being manufactured, along with his brother, his nephew, and another person with the same surname. His brother and nephew, upon the trial of the case sub judice, admitted their participation in manufacturing and possessing the whiskey but denied ownership of the still and did not remember who hired them to run the still. Both testified, as did the defendant in making his unsworn statement, that the defendant was not manufacturing liquor and had come to the still shortly before it was raided to secure help in starting his truck which had broken down on the road a short distance from the still. There was also evidence of flight, and while there was no direct evidence of the defendant's participation in the physical activity necessary to manufacture the whiskey, yet: "The presence of a defendant at a distillery where intoxicating liquor is being made and his running away on seeing an officer approaching may, when not satisfactorily explained authorize the jury to find him guilty. See *Flint v. State*, 29 Ga. App. 222 (1) (114 SE 585); *Alsabrook v.*

*State,* 35 Ga. App. 592 (134 SE 333) ; *Lindsay v. State,* 32 Ga. App. 74 (122 SE 649) ; *Strickland v. State,* [43 Ga. App. 578 (2), 159 SE 756] ; *McMichen v. State,* 47 Ga. App. 240 (170 SE 301)." *Johnson v. State,* 79 Ga. App. 210, 215 (53 SE2d 498). The jury was authorized under the evidence to find the defendant guilty and, such verdicts having the approval of the trial court, this court is without authority to disturb such convictions in the absence of any error of law appearing. The judgment overruling the defendant's motion for new trial on the usual general grounds only shows no reversible error.

*Judgment affirmed. Hall and Russell, JJ., concur.*

ARGUED MARCH 3, 1964—DECIDED APRIL 16, 1965.

*Oliver, Oliver & Gunter, Jack N. Gunter,* for plaintiff in error.