111 Ga. App. 573 (1965)
142 S.E.2d 427
PICKENS
v.
THE STATE.
40697.
Court of Appeals of Georgia.
Argued April 7, 1964.
Decided April 16, 1965.
Johnson & Johnson, Jean E. Johnson, Sr., for plaintiff in error.
George D. Lawrence, Solicitor General, contra.
NICHOLS, Presiding Judge.
1. The judgment of this court (Pickens v. State, 110 Ga. App. 643, 139 SE2d 412), holding that the trial court was without jurisdiction to consider the *574 defendant's motion for new trial, having been reversed by the Supreme Court of Georgia (Pickens v. State, 220 Ga. 750, 141 SE2d 431), the judgment of this court is vacated.
2. The evidence adduced upon the trial consisted in part of testimony that the burglaries had taken place, that a white 1963 1/2 Ford Fastback automobile without a license tag was seen in the vicinity as well as four men at the location of one of the burglarized businesses. One witness described the defendant and others who allegedly took part in the burglaries.
In addition to the above, a witness, who had pleaded guilty to the crimes charged against the defendant, was called as a witness but "did not remember" most of the things sought to be proved by him. About all he did remember was his name, residence, that he burglarized the places of business, that he knew the defendant but had not known him long and that he "did not remember" how "we" got into one of the places of business. There was also testimony as to statements made by such witness at a commitment hearing at which the defendant was present, and that at such commitment hearing the defendant did not deny the statements, which if true, connected the defendant with the burglaries for which he was on trial.
In Johnson v. State, 151 Ga. 21 (105 SE 603), a very thorough discussion of the weight to be given testimony "of what an accomplice said and what the defendant did not deny" may be found. Assuming arguendo, that the evidence as to what the accomplice said at the commitment hearing is admissible (since the special grounds of the motion for new trial are incomplete under the decision in Craig v. State, 105 Ga. App. 244 (1), 124 SE2d 302), unless the defendant was required under the circumstances to deny the statements made by the alleged accomplice, where such evidence is the sole evidence connecting the defendant with the alleged crime, conviction cannot stand. Johnson v. State, supra.
In Bell v. State, 93 Ga. 557 (19 SE 244), it was held that such statements made in the presence of the accused during a judicial hearing need not be denied and silence under such circumstances does not amount to an admission, the statement in that case being made in a recorder's court. Where there is no requirement to deny the statements made in the presence of the accused, *575 the failure to deny them does not amount to an admission of their truth. Rosborough v. State, 209 Ga. 362 (72 SE2d 717). The defendant was not called upon to deny the statements attributed to the admitted accomplice which were made during a commitment hearing, and there being no other evidence directly connecting the defendant with the alleged crimes, the evidence at most raises a suspicion of the guilt of the defendant. Evidence which merely raises a suspicion of guilt is not sufficient to convict. See Smith v. State, 38 Ga. App. 741 (145 SE 500); Coker v. State, 42 Ga. App. 385 (156 SE 299); Glover v. State, 114 Ga. 828 (40 SE 998); Johnson v. State, 44 Ga. App. 233 (161 SE 160).
The trial court erred in overruling the defendant's motion for new trial.
Judgment reversed. Hall and Russell, JJ., concur.