51046. TAYLOR v. THE STATE.
51047. SEWELL v. THE STATE.

WEBB, Judge.

Leonard Taylor, Barry Sewell and Cornelius Fincher were indicted for the offense of robbery by use of force of Kenneth Webb, taking $8 in U. S. currency and one brown billfold. Taylor and Sewell were tried and convicted of robbery by intimidation.[1] These appeals are from the order of the trial court overruling their motion for new trial.[2] *Held:*

---

[1]The judge instructed the jury on robbery by force and the lesser offense of robbery by intimidation under Criminal Code § 26-1901, and on acquittal.

[2]For prior appearance of these cases see *Taylor v. State, Sewell v. State,* 134 Ga. App. 9 (213 SE2d 162).

The evidence is insufficient as a matter of law to sustain a conviction for robbery by intimidation as to either of the defendants. Taylor, Sewell and several companions were part of a crowd of twenty to thirty persons hanging around a closed gasoline station in Carrollton, apparently talking and drinking beer. The prosecutor and victim Webb, a plain-clothes police investigator employed by West Georgia College, testified that as he drove past the gasoline station he noticed the group of people and recognized Taylor, whom he had known in high school; that he saw Taylor smoking a marijuana cigarette and stopped to admonish him; that when Taylor argued with him he placed him under arrest; and that when he took hold of Taylor's wrist Taylor jerked it away and slapped the marijuana cigarette "forcefully" from Webb's hand.

An altercation occurred during which Webb was severely beaten and kicked by several assailants, all unidentified except defendant Sewell. Sewell claimed under oath that someone pushed Webb into him, he shoved Webb off, and Webb swung at him so he struck back. Four witnesses corroborated this testimony. Webb managed to break away, attempting to get back to his car, when he discovered that his billfold was gone. Seeing Taylor standing there he hollered, "Who has my billfold?" Taylor answered, "Barry has it" and then yelled, "Barry, give Webb his billfold." The wallet was found the next morning in weeds behind the gas station with $8 and some personal papers missing. Webb had a five dollar bill and three ones in his billfold. When Sewell was arrested his shirt was bloodstained and he had a five dollar bill and three ones in his pocket. He swore that he had cashed a check for $19.25 earlier that day, which was introduced in evidence, and detailed his subsequent cash transactions accounting for the remaining $8. Sewell testified that he did not rob Webb, that he did not see the wallet, and that "the only thing I did was defend myself when he hit me . . . I wasn't interested in nobody's pocketbook; I wasn't looking for a fight." Taylor did not take the stand.

Considering this evidence in the light most favorable to the prosecution, it fails to prove that either defendant was guilty of robbery by intimidation as defined in

Criminal Code § 26-1901.[3] Indeed, there was no evidence to connect Taylor with any form of robbery thereunder,[4] although the jury would have been authorized to find him guilty of simple battery under Criminal Code § 26-1304, had it been charged as a lesser included offense under the facts here. See *Davis v. State,* 24 Ga. App. 327 (100 SE 767). Evidence which merely raises a suspicion of guilt is not sufficient to convict. *Johnson v. State,* 44 Ga. App. 233 (161 SE 160).

If the jury believed that Sewell took Webb's wallet, which it was authorized to do under the evidence, clearly the offense involved was robbery by force, not by intimidation, as it was undisputed that a fist fight ensued between the two. *Story v. State,* 12 Ga. App. 644 (77 SE 914). On the other hand, if the jury chose to believe the testimony of Sewell and four eyewitnesses that Sewell did not take the wallet, then again it could have found under the facts here that he was guilty of simple battery. However, simple battery was not charged and the jury was authorized only to find that Sewell was guilty of robbery by force or not guilty.

Since the state failed to prove the essential elements necessary to sustain either conviction for robbery by intimidation, the trial court erred in overruling the defendants' motion for new trial on the general grounds.

*Judgments reversed. Bell, C. J., and Marshall, J., concur.*

---

[3]"A person commits robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another (a) by use of force; or (b) by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; . . ."

[4] While Webb testified that he saw Fincher nearby holding a knife with the blade "pointed upward, his arm extended toward me," this co-indictee did not appear for trial and his act of intimidation, if it be so considered, was in no way imputed or connected to the other two defendants.

ARGUED SEPTEMBER 16, 1975 — DECIDED SEPTEMBER 30, 1975.

*C. C. Perkins, Howe & Sutton, Donald B. Howe, Jr.,* for appellants.

*Eldridge Fleming, District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.