## 59963. HALL v. THE STATE.

BIRDSONG, Judge.

Burglary. Young Hall was convicted of burglary and sentenced to serve three years. The facts supporting the conviction are totally circumstantial. The evidence shows without dispute that the victim's house was entered unlawfully and several items larcenously taken therefrom. The burglary took place sometime between 7:30 a.m. and 3:30 p.m. Physical evidence showed three sets of footprints leading away from the victim's home across the back yard into adjacent woods. These tracks lead about a mile and a half up a logging road to the edge of Hall's yard, where the grass obliterated any further evidence of the tracks. When the officer and the victim, following the trail, approached the appellant's homesite, they heard voices and observed at a distance three persons standing around an open fire (this was in December). No contact was made at that time. Later that same day, apparently after a warrant had been obtained, the officer went to appellant's house and with the consent of Mrs. Hall, appellant's wife, the house was searched, without disclosing any evidence of the items taken in the burglary. A short time later that evening Hall returned from a business trip and was arrested. His

boots were removed and the bottom of the boots compared with the three observable prints in the victim's back yard. According to the officer, the boot print had striations in the sole and heel that satisfied him that the wearer of the boot made one of the three sets of prints leading from the back door of the victim's house. A plaster of paris cast and photographs were made of the footprints and together with the boots were furnished to the crime lab for comparison and analysis. It was the opinion of the examiner that the prints were of the same size and made by the same kind of boots but the examiner could not conclude that the prints were made by the exact boots submitted for comparison. The appellant Hall denied being in the area of the victim's home at any time and offered alibi evidence to account for his time throughout the day. No evidence of the stolen items was ever located nor was there any evidence connecting appellant to the break-in other than the footprint evidence. Appellant Hall brings this appeal enumerating as error the sufficiency of the evidence to support the conviction. *Held:*

We reverse. We are satisfied that the state's evidence established the commission of a burglary. The evidence also might support a jury verdict of a criminal trespass by the appellant. However, we can find nothing more than a strong suspicion that he might have been involved in the burglary of the victim's home. See *Johnson v. State,* 44 Ga. App. 233, 234 (161 SE 160). As was said in the headnote of *Williams v. State,* 113 Ga. 721 (39 SE 487): "The evidence against the accused was entirely circumstantial, and, while it raised a suspicion of his guilt, was not sufficient, though given its strongest intendment as against him, to exclude every other reasonable hypothesis." For a case of similar but insufficient evidence of footprint identification, see *Glover v. State,* 114 Ga. 828 (40 SE 998) where the court held that it was as incumbent upon the state to identify the accused as the perpetrator of the offense with the requisite degree of certainty, as to prove the corpus delicti. See also *Coker v. State,* 42 Ga. App. 385 (156 SE 299).

If the state seeks to rely on circumstantial evidence, that evidence must be so strong as to exclude every other reasonable hypothesis save that of the guilt of the accused. *Woodall v. State,* 235 Ga. 525, 532 (221 SE2d 794); *Wood v. State,* 147 Ga. App. 232 (248 SE2d 337). The evidence must be inconsistent with his innocence of the crime charged. As was said in *Williams v. State,* supra, p. 723: "This court has ruled on several occasions that, in cases involving life or liberty, this rule must not be relaxed. When a heinous crime has been committed in a community and the people are greatly shocked thereby, it is natural for them to catch at any little circumstance to throw suspicion upon some person and to conclude from this or that

circumstance that he is the guilty party. The horror of the crime, and their desire, as good citizens, to see the guilty party punished and the law vindicated, frequently lead them to premature judgment which oftentimes follows them into the jury box, where, as jurymen, they not infrequently find persons guilty on bare suspicion alone."

Hall was charged with burglary alone. The jury was never informed that a lesser crime of criminal trespass was involved. Under the evidence, the state did not prove the identity of Hall as the perpetrator of the burglary other than by a mere suspicion. *Taylor v. State,* 135 Ga. App. 916, 918 (219 SE2d 629). Because the state did not prove Hall's identity as a burglar, the trial court erred in denying Hall's motion for a directed verdict of acquittal at the conclusion of all the evidence. *Woodall v. State,* supra, pp. 532-533; *Smith v. State,* 38 Ga. App. 741 (145 SE 500).

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JUNE 2, 1980 — DECIDED
JULY 8, 1980.

*Allison W. Davidson,* for appellant.
*William F. Lee, Jr., District Attorney, Marc E. Acree, Assistant District Attorney,* for appellee.