## 69286. GRAVES v. THE STATE.
### (324 SE2d 790)

McMURRAY, Chief Judge.

Defendant and two co-defendants were convicted of the offense of burglary. Defendant Graves appeals and we are concerned only with this defendant in the case sub judice. *Held*:

The State's evidence shows that sometime after 2:00 a.m. on January 13, 1982, defendant's automobile was driven to a location near a veterans' club and parked in an alley. Thereafter, two unidentified individuals were seen loading items into the automobile. The police

were called and their investigation revealed that the veterans' club had been burglarized. No one was found in the veterans' club, but there had been a recent snowfall and officers were able to follow tracks in the snow from the veterans' club to defendant's automobile. Items taken from the veterans' club were found in the back seat of defendant's automobile. The officer found no one present at defendant's automobile but saw two sets of departing tracks in the snow. The officer followed the tracks in the snow for several miles to a residence (when the tracks separated the officer followed the more prominent set of tracks which was rejoined by the second set of tracks shortly before reaching the residence). At the residence officers found defendant's two co-defendants along with their wet clothing and footwear which matched the tracks in the snow.

Defendant's automobile was towed in and later at the time the vehicle was returned to defendant, he opened the trunk where additional items taken from the veterans' club were found. By cross-examination of one of the State's witnesses it was revealed that defendant was a former brother-in-law of one of his co-defendants.

Defendant contends the trial court erred in failing to grant a directed verdict of acquittal at the conclusion of the State's evidence. This raises the question of whether a rational trier of fact could reasonably have found defendant guilty of the crime of burglary beyond a reasonable doubt. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436). We find the evidence insufficient under this test to support the verdict. "Evidence which merely raises a suspicion of guilt is not sufficient to convict. *Johnson v. State*, 44 Ga. App. 233 (161 SE 160)." *Taylor v. State*, 135 Ga. App. 916, 918 (219 SE2d 629). See also *Barnett v. State*, 153 Ga. App. 430, 432 (4) (265 SE2d 348). The trial court erred in denying defendant's motion for directed verdict of acquittal.

*Judgment reversed. Sognier, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED DECEMBER 3, 1984.

*Walton Hardin*, for appellant.

*Kenneth E. Goolsby, District Attorney, Dennis C. Sanders, Harold W. Wallace III, Assistant District Attorneys*, for appellee.