## 75364. LOVETT v. THE STATE.
### (361 SE2d 863)

BANKE, Presiding Judge.

Following a non-jury trial, Dean Lovett was convicted of criminal damage to property in the second degree. See OCGA § 16-7-23. On appeal, his sole contention is that the evidence was insufficient to support the conviction.

The damaged property consisted of furniture belonging to the appellant's sister. At trial, the sister testified that she had a strained relationship with the appellant and his wife, that she had shut off the water to their trailer, and that in retaliation they had damaged a dresser and two chests she had loaned to them. The sister identified numerous photographs of the furniture and testified that both the "frames" and the drawers were damaged.

The appellant's wife assumed sole responsibility for the damage to the drawers and pled nolo contendere to the charge of criminal damage to property in the second degree. At trial, the appellant conceded that he had put the "frames" in his backyard which adjoins his sister's home but denied damaging them. There were no witnesses to the incident other than the appellant and his wife. *Held:*

It was not apparent from the photographs of the furniture introduced by the state that the "frames" had been damaged. Moreover, the evidence presented by the state was wholly consistent with the appellant's testimony denying culpability for such damage as may have occurred. Circumstantial evidence which gives rise to a mere sus-

picion is not sufficient to convict. *Hall v. State*, 155 Ga. App. 211, 212 (270 SE2d 377) (1980). Even viewing the evidence in the light most favorable to the verdict, *Veit v. State*, 182 Ga. App. 753, 755 (357 SE2d 113) (1987), it cannot be concluded beyond a reasonable doubt that the appellant was responsible for any damage to the furniture. His conviction must consequently be reversed.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED OCTOBER 6, 1987.

*Shane M. Geeter*, for appellant.

*Joseph H. Briley, District Attorney, Al Martinez, Jr., Assistant District Attorney*, for appellee.